IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Fletcher Herbert, | C/A No. 3:13-1343-CMC-PJG |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Frank J. Weed, | |
| Defendant. | |

The plaintiff, Robert Fletcher Herbert ("Plaintiff"), a self-represented state prisoner, brings this action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff is currently an inmate at Kirkland Reception and Evaluation Center, a facility of the South Carolina Department of Corrections, and files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff filed his Complaint while a pretrial detainee at the Lexington County Detention Center ("LCDC"), and seeks monetary damages for alleged violations of Plaintiff's rights by Frank Weed, an employee of the Lexington County Sheriff's Department ("Defendant"). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed for failure to state a claim upon which relief may be granted.

**I.     Factual and Procedural Background**

Plaintiff alleges that Defendant Weed was the supervisor of Brian L. Smith. Plaintiff has named Smith, also an employee of the Lexington County Sheriff's Department, as a defendant in an

earlier case in this court.[1]  See Herbert v. Gooding, C/A No. 3:12-2621-CMC-PJG (hereinafter Herbert I).  Plaintiff complains that the defendant allowed Smith to write a "supplemental report," which led to Plaintiff's arrest. (ECF No. 1 at 4.)  Plaintiff alleges that, because the defendant did not "do his job as a supervisor," Smith violated Plaintiff's constitutional rights under the Fourth, Sixth, Eighth and Fourteenth Amendments, and invaded his privacy.  Plaintiff complains of pain and suffering, false arrest, false imprisonment, excessive bail, cruel and unusual punishment, racial discrimination, "etc." (Id.)  Plaintiff seeks release from prison on a personal recognizance bond, and for monetary damages.

**II.     Discussion**

    **A.     Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996).  This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows

---

[1] This court may take judicial notice of Plaintiff's earlier cases.  See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).



a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2]  28 U.S.C. § 1915(e)(2)(B).  A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31.  Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed sua sponte. Neitzke v. Williams, 490 U.S. at 327; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints.  Erickson v. Pardus, 551 U.S. 89, 94 (2007).  Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court.  See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Analysis

The Complaint is filed pursuant to 42 U.S.C. § 1983, which " 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.' " Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." Rehberg v. Paulk, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, the allegations in this Complaint arise out of the same facts contained in Herbert I. In Herbert I, Plaintiff alleged that his constitutional rights were violated when Smith falsely arrested him and caused false information to be reported by various news sources. In this matter, Plaintiff alleges that Defendant Weed "allowed Smith to write a supplemental report" and to arrest Plaintiff. (Compl., ECF No. 1 at 4.) Plaintiff further alleges that Defendant Weed failed to "do his job as a supervisor," causing Smith to violate his rights. However, summary judgment was granted in favor of Smith in Herbert I based in part on this court's conclusion that "no reasonable jury could find that Herbert's arrest was made without probable cause or that the



defendants failed to properly investigate these incidents." (Herbert I, Report and Recommendation at 6, ECF No. 101 at 6) (adopted by and incorporated in Order, ECF No. 108).  Therefore, since the facts supporting Plaintiff's claims in this matter arise out of the same facts that have previously been adjudicated to not constitute a constitutional violation, Plaintiff's allegations that Defendant Weed allowed Smith's actions cannot rise to the level of a constitutional violation.

Moreover, to the extent that Plaintiff's claims are based solely on Defendant Weed's actions in supervising Smith, they fail as a matter of law.  Plaintiff's Complaint does not show that the defendant had any personal participation in the incidents surrounding Plaintiff's arrest.  A claim based upon the doctrine of *respondeat superior* does not give rise to a § 1983 claim.  Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978).  Moreover, "[b]ecause vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 (footnote added).  As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 677.  Indeed, the dissent in Iqbal opined that, "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating . . . supervisory liability entirely." Id. at 693 (Souter, J., dissenting).  Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent.  See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

Finally, Herbert's attempt to assert a claim pursuant to the South Carolina Torts Claims Act (ECF No. 18) fails because such a claim cannot be brought in this court. See S.C. Code Ann. § 15-78-20(e); Gulledge v. Smart, 691 F. Supp. 947, 954-55 (D.S.C. 1988) (concluding that sheriffs and deputy sheriffs are agents of the state).

To the extent that the Complaint may be construed to allege any other causes of action, the court finds that Plaintiff has failed to plead sufficient facts to state a plausible claim. See Iqbal, 556 U.S. 662. Further, as Plaintiff is no longer a pre-trial detainee, his request for bond is moot.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint be summarily dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 16, 2013
Columbia, South Carolina

*Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).